IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ARTIMUS COLLIER, #08459-025, | ) | |
|---|---|---|
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 10-cv-979-DRH |
| | ) | |
| UNITED STATES of AMERICA, | ) | CRIMINAL NO. 09-cr-30076 |
| | ) | |
| Respondent/Plaintiff. | ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on petitioner Artimus Collier's motion for relief pursuant to 28 U.S.C. § 2255. On October 8, 2009, petitioner pled guilty to one count of possession with intent to distribute cocaine base, and one count of distribution of cocaine base. Subsequent to the entry of his guilty plea, petitioner was appointed a new attorney at his request on April 12, 2010, and again on May 27, 2010. Petitioner moved to withdraw his guilty plea, but this motion was denied on October 6, 2010. On November 24, 2010, petitioner was sentenced to 235 months imprisonment, five years supervised release, a fine of $1,000, and a special assessment of $200. On December 3, 2010, petitioner filed the instant motion under § 2255.

In his motion petitioner raises four grounds for relief, all of which allege that his trial attorneys did not provide him with effective representation: (1)

Counsel failed to argue that the court lacked jurisdiction to convict petitioner because no complaint was ever filed in the case; (2) Counsel failed to make any attempt to suppress evidence obtained during petitioner's warrantless arrest, to suppress his video confession, or to argue that the court failed to make the required determination that the warrantless arrest was supported by probable cause; (3) Counsel failed to raise the prosecutor's improper failure to disclose evidence favorable to petitioner (a purported recording of petitioner's drug transaction which lacked both audio and video); and (4) Counsel failed to investigate or inform petitioner that his due process rights had been violated by the failure to arraign him after his arrest, and by the delay in presenting the matter to a grand jury. Petitioner asserts that, had he been aware of any of these errors at the time, he would not have agreed to plead guilty and would have insisted the case go to trial.

The Court **ORDERS** the Government to file a response to petitioner's motion within **THIRTY (30) DAYS** of the date of this Order. The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

**DATED:** April 14, 2011

David R. Herndon
2011.04.14
06:41:36 -05'00'

**Chief Judge**
**United States District Court**