IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ARTIMUS A. COLLIER,

Petitioner,

v.  　　　　　　　　　　Civil Case No. 10-cv-979-DRH
　　　　　　　　　　　　Criminal Case No. 09-cr-30076-DRH

UNITED STATES OF AMERICA,

Respondent.

## MEMORANDUM AND ORDER

HERNDON, Chief Judge:

### I.　　Introduction and Background

Now before the Court is petitioner Artimus Collier's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Subsequently, petitioner supplemented his motion (Doc. 12). The government opposes Collier's motion (Doc. 13). Petitioner thereafter amended his Section 2255 claim (Doc. 18). Also before the Court is petitioner's motion for traverse (Doc. 20). Upon review, the motion for traverse will be interpreted as both a motion for evidentiary hearing and a motion to supplement petitioner's Section 2255 claim. As a preliminary matter the portion of the motion for traverse the Court interprets as motion to supplement petitioner's Section 2255 claim is **GRANTED.** However, for the following reasons, his remaining motions are **DENIED.**

Pursuant to a plea agreement, petitioner entered a plea of guilty to two counts of possession of crack cocaine with the intent to distribute (Counts I & II of

the indictment). On October 6, 2010, petitioner moved to have his plea of guilty withdrawn, alleging inaccurate representations of the relevant conduct guidelines both by petitioner's former counsel and in the plea agreement (Doc. 52 in the criminal case). This Court held a hearing on the issue and denied petitioner's motion (Doc. 55 in the criminal case). On November 24, 2010, petitioner was sentenced to 235 months of imprisonment on each of the counts, to run concurrently, five years of supervised release, a fine of $1,000, and a $200 special assessment. No appeal was filed. On December 2, 2010, petitioner filed this motion pursuant to Section 2255.

## II.     Analysis

Petitioner entered into a plea agreement with the government in an attempt to benefit himself. In exchange for the benefits he received, petitioner waived his right to direct appeal and to a collateral attack under Section 2255. Further, petitioner agreed that he was fully satisfied with the representation he received from his counsel. The petitioner's waiver to a collateral attack under Section 2255 is excepted if the sentence imposed is in excess of the Sentencing Guidelines. The waiver also does not apply to:

> 1) any subsequent change in the interpretation of the law by the United States Supreme Court of the United States court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the defendant actually innocent of the charges covered herein, and 2) appeals based upon Sentencing Guideline amendments which are made retroactive by the United States Sentencing Commission.

*See* Doc. 13-1, Plea Agreement, § III ¶¶2, 3.

"It is well-settled that waivers of direct and collateral review in plea agreements are generally enforceable." *Hurlow v. United States.*, 726 F.3d 958, 964 (7th Cir. 2013) (citing *United States v. Chapa*, 602 F.3d 865, 868 (7th Cir. 2010); *Jones v. United States*, 167 F.3d 1142, 1144-45 (7th Cir. 1999)). However, waivers contained in a plea agreement are unenforceable in certain circumstances akin to those in which a contract would be unenforceable. *Id.* For example, the waiver is unenforceable if the dispute falls outside the scope of the waiver or if the government has materially breached the agreement. *Id.* Further, given the Constitutional limits placed on plea agreements, appellate and collateral review waivers cannot be invoked against claims that counsel was ineffective in the negotiation of the plea agreement. *Id.*

Not every claim of ineffective assistance of counsel rises to the level contemplated by the Seventh Circuit. *Id.* at 966. The focus of the inquiry should be "the nature of the advice and the voluntariness of the plea, not the existence . . . of an antecedent constitutional infirmity." *Tollett v. Henderson*, 411 U.S. 258, 266 (1973). The key question is whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Id.* "A guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional plea in abatement he might have to the charge . . . ." *Id.* at 267.

In this case, petitioner raises seven grounds for relief:[1] 1) that his counsel was ineffective for failing to move to dismiss his case on the ground that the Court lacked jurisdiction because no complaint had been filed; 2) that his counsel was ineffective for failing to move to suppress evidence in the case and the petitioner's recorded statements; 3) that his counsel was ineffective for failing to allege that the government failed to disclose exculpatory evidence; 4) that his counsel was ineffective for failing to investigate and inform the petitioner that his due process rights had been violated during his arrest in the case,[2] 5) that his counsel was ineffective for failing to file a timely notice of appeal, 6) that the government failed to submit the necessary judicial documentation at sentencing, and 7) that he is entitled to resentencing under *Aprendi* and *Alleyne*.

None of petitioner's ineffective assistance of counsel claims (claims 1-5) rise to the level required by the Seventh Circuit to vacate his plea agreement. Claims 1, 3, 4, and 5 involve procedural or factual misunderstandings. While claim 2 does address a potential constitutional violation similar to that contemplated in *Hurlow*, the Court finds that it does not overcome the waiver provision. Specifically, Claim 2 involves the seizure of items in plain view in the petitioner's car and a statement made to police after petitioner vocally and in writing waived

---

[1] The Court extrapolated these seven claims after a thorough review of petitioner's original motion (Doc. 1), his supplement (Doc. 12), his motion to amend (Doc. 18), and his motion for traverse (Doc. 20).

[2] In petitioner's motion to amend (Doc. 18), he requests that his due process claims be amended in light of the Supreme Court's decision in *Bailey v. United States*. *Bailey v. United States*, No. 11-770 (Feb. 19, 2013) (finding the rule in *Michigan v. Summers*, 452 U.S. 692, detention incident to the execution of a search warrant, limited to the immediate vicinity of the premises to be searched).

his Miranda rights. A defense attorney would not be remiss for not filing a suppression motion in this instance.

Petitioner's next claim, claim 6 that the Government did not provide the Court with sufficient information to determine petitioner's sentence, is also meritless. The Court was provided with ample information to appropriately determine petitioner's career offender status including a sentencing recommendation.

Finally, in claim 7 petitioner argues that his sentence should be vacated in light of the recent *Alleyne* decision. *Alleyne v. United States*, __ U.S. __, 133 S.Ct. 2151 (June 17, 2013). While the plea agreement provides an exception to the collateral attack waiver for Supreme Court decisions that apply retroactively, *Alleyne* does not apply retroactively. *See Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013).

### III. Motion for Evidentiary Hearing

As the record "conclusively demonstrates that the [petitioner] is entitled to no relief," the portion of petitioner's motion for traverse the Court is construing as a motion for evidentiary hearing is **DENIED.** *Prewitt v. U.S.*, 83 F.3d 812, 820 (7th Cir. 1996); *see also Almonacid v. U.S.*, 476 F.3d 518, 521 (7th Cir. 2007).

### IV. Certificate of Appealability

Under Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether

petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A certificate of appealability is required before a petitioner may appeal a district court's denial of his habeas petition. A petitioner is entitled to a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-el v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Here, the undersigned finds no basis for a determination that the Court's instant decision to dismiss petitioner's claims is debatable or incorrect. For the reasons stated above, petitioner asserted seven meritless claims that reasonable jurists would conclude as barred from review. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

### V. Conclusion

Accordingly, petitioner Artimus Collier's motion for traverse (Doc. 20) is **GRANTED in part** and **DENIED in part.** Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED** and petitioner's case is **DISMISSED with prejudice.** The Clerk of the Court is

**DIRECTED** to enter judgment accordingly.  Further, the Court shall not issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 1st day of November, 2013.

Digitally signed by
David R. Herndon
Date: 2013.11.01
16:40:46 -05'00'

**Chief Judge**
**United States District Court**