IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ARTIMUS A. COLLIER,

    Petitioner,

vs.                                              Civil Case No.   10-cv-979
                                                      Criminal Case No. 09-cr-30076

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM AND ORDER

HERNDON, Chief Judge:

### I.  Introduction

This matter comes before the Court on petitioner Artimus Collier's motion for reconsideration pursuant to FEDERAL RULES OF CIVIL PROCEDURE 59(e) from the Court's order denying his 28 U.S.C. § 2255 petition (Doc. 23).  For the following reasons, the Court **DENIES** petitioner's motion.

### II.  Law and Application

The FEDERAL RULES OF CIVIL PROCEDURE do not expressly contemplate motions to "reconsider."  However, the Seventh Circuit has held district courts should automatically consider motions challenging the merits of a district court order under Rule 59(e) or Rule 60(b).  *See Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992).

Instantly, petitioner filed his motion within 28 days of the entry of the challenged Order pursuant to the prisoner mailbox rule.  *See* FED. R. CIV. P. 59(e) (stating, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment"); Rule 3(d) of the Rules Governing § 2255 Cases.

However, "whether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (holding, "the former approach that no matter what their substance, all post-judgment motions filed within [28] days of judgment would be construed as Rule 59(e) motions no longer applies")).  As petitioner purportedly challenges the Court's substantive application of law, the Court treats his motion as one under Rule 59(e).  *See Obriecht*, 517 F.3d at 493-94.

A motion for reconsideration serves the limited function of allowing a court to correct manifest errors of law or fact or to present newly-discovered evidence.  *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996); *see also Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985).  Thus, Rule 59(e) allows a court to alter or amend a previous order only if the movant demonstrates a manifest error of law or presents newly discovered evidence.  *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12

(7th Cir. 2007). However, it is well-settled that it is improper "to advance argument or theories that could and should have been made before the district court rendered a judgment." *Id.* (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). Accordingly, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse*, 90 F.3d at 1270.

Petitioner instantly asserts that the Court failed to properly adjudicate the merits of his Fifth Amendment claim under *Alleyne* and his Fourth amendment claim in light of *Bailey*. *Alleyne v. United States*, 133 S.Ct. 2151 (2013); *Bailey v. United States*, 133 S.Ct. 1031 (2013). Specifically, petitioner asserts that the Court incorrectly relied on *Simpson,* a decision manifesting from the filing of a second and successive motion. *Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013). Instead, he argues, the standard of determining retroactivity starts first with the district court. He then goes on to address claims he has previously presented to the Court, namely that he is entitled to resentencing under *Aprendi* and *Alleyne*. He also asserts that the Court incorrectly decided petitioner's Fourth Amendment claims under *Bailey*, reducing the decision to a footnote.

Collier's motion misses the mark. The Court's reliance on *Simpson* is not predicated on whether the petitioner in that case had filed his first or second collateral attack. The Court cites to *Simpson* because in it the Seventh Circuit

indicates that *Alleyne* is not to be applied retroactively. *See Simpson*, 721 F.3d at 876. Next, Collier asserts that the Court improperly adjudicated the issue of *Bailey* in a footnote. Whether the Court addresses the issue in the manner petitioner prefers is irrelevant. The bottom line is that the Court thoroughly reviewed the record and determined that petitioner did not overcome the waiver provision in his plea agreement. The remainder of petitioner's motion improperly addresses issues already addressed by this Court. Thus, as petitioner has not presented a manifest error of law or newly discovered evidence, *Sigsworth,* 487 F.3d at 511-12, the Court **DENIES** his motion for reconsideration (Doc. 23).

Further, because the Court issues a final order, it will also deny a certificate of appealability as to the motion for reconsideration. A certificate of appealability is required before a habeas petitioner may appeal an unfavorable decision to the Seventh Circuit Court of Appeals. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b). The Court denies a certificate of appealability, as reasonable jurists would not debate that the denials of both petitioner's Section 2255 petition and his instant motion to reconsider are proper. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, for the reasons stated above, in addition to the reasons recited in this Court's denial of petitioner's Section 2255 petition, the Court **DENIES** a certificate of appealability as to the Court's instant denial of petitioner's motion to reconsider.

### III.   Conclusion

Accordingly, petitioner's motion to reconsider (Doc. 23) is **DENIED**. Further, the Court also **DENIES** a certificate of appealability as to the motion for reconsideration.

**IT IS SO ORDERED.**

Signed this 28th day of March, 2014.

Digitally signed by
David R. Herndon
Date: 2014.03.28
04:34:16 -05'00'

**Chief Judge**
**United States District Court**